IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-623-BO

| | | |
|---|---|---|
| RICHARD COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER AND MEMORANDUM |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| KAY SILVER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Richard Coleman ("Plaintiff") filed a motion to proceed in forma pauperis ("IFP motion") and initial proposed complaint ("complaint") on August 28, 2013. [DE-1]. Plaintiff's complaint consists of state law tort claims of defamation and alienation of affections against Defendant Kay Silver ("Defendant"). [DE-1-1]. On October 25, 2013, the court allowed Plaintiff's IFP motion, but directed Plaintiff to file a particularized complaint within twenty-one (21) days of entry of the court's order. [DE-2, -3]. Specifically, the court directed Plaintiff to provide the dates on which each alleged defamatory statement complained of was communicated.[1] [DE-3] at 5. The clerk docketed the court's October 25, 2013 order, but held the complaint in abeyance pending Plaintiff's particularization of his complaint. Rather than particularize his complaint however, Plaintiff filed a motion to amend on November 19, 2013. [DE-4].

The court entered an order on December 9, 2013, whereby the court declined to rule on the frivolity of Plaintiff's amended complaint and directed Plaintiff, for a second time, to particularize.

---

[1] The basis for the court's order was other allegations contained in the complaint suggesting that Plaintiff's claims may be time-barred. *See Horne v. Cumberland Cnty. Hosp. Sys.*, __ N.C. App. __, 746 S.E.2d 13 (2013) (noting that North Carolina prescribes a one-year statute of limitations for defamation actions). The court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (stating the court may apply common sense, reject fantastic allegations, and rebut them with judicially noticeable facts).

[DE-5]. The court directed Plaintiff to particularize his complaint as to two identified deficiencies, including the specific dates of the alleged defamatory statements and the specific facts establishing diversity jurisdiction as the basis for the court's subject matter jurisdiction.[2] *Id.* at 5. Plaintiff's particularized complaint in response was due December 31, 2013. Plaintiff filed a Motion to Transfer on January 2, 2014 [DE-7] requesting that this court transfer his case to another district, yet failed to submit a particularized complaint by the deadline.

For the following reasons, having construed Plaintiff's motion to amend [DE-4] as an amendment to the complaint as a matter of course, this court recommends that the complaint [DE-1-1] be dismissed without prejudice for lack of subject matter jurisdiction. The court further denies as moot Plaintiff's motion to transfer [DE-7].

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's *pro se* complaint consists of purported causes of action arising under North Carolina tort law for defamation and alienation of affections. Plaintiff seeks compensatory and punitive damages based upon Defendant's alleged defamatory statements. In the initial version of his complaint, which was held in abeyance by the clerk, Plaintiff asserted he was a resident of the District of Columbia. [DE-1-1]. According to Plaintiff, Defendant is a resident of North Carolina and jurisdiction is proper in this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [DE-1-1] at 1. In Plaintiff's subsequent amendment to the complaint, however, Plaintiff indicates he is a resident of North Carolina. [DE-4] at 1, 7.

---

[2] Plaintiff's *pro se* filing, captioned as a motion to amend, is more appropriately construed as an amendment to his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a). In his amendment Plaintiff alleged he moved to North Carolina, thereby raising the question of the court's subject-matter jurisdiction over the dispute.

2

## II. LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*,

3

376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim*, 64 F.3d at 954.

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As part of its review pursuant to 28 U.S.C. § 1915, the court may consider whether it has subject matter jurisdiction of the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted).

4

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

The district court has jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action lies within the federal district court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). This statute requires complete diversity among the parties, which means that no defendant can have the same citizenship as any plaintiff. *See, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). If complete diversity is not satisfied, then the federal court will lack subject matter jurisdiction to hear the case. 28 U.S.C. § 1332. "The citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *See Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989) (citations omitted).

A plaintiff is required to affirmatively allege the facts providing the court's jurisdiction in their complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) ("[T]he facts

5

providing the court jurisdiction must be affirmatively alleged in the complaint."); *McPherson v. Highlander Rentals, Inc.*, No. 4:07-CV-162-F, 2008 WL 2149765, at *3-4 (E.D.N.C. May 21, 2008) (dismissing complaint where plaintiff failed to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the allegations of the complaint fail to establish the requisite diversity between the parties needed for jurisdiction under 28 U.S.C. § 1332(a)(1)). Subject matter jurisdiction may be challenged at any time and if it is lacking the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, Plaintiff's complaint as amended indicates that he is a resident of North Carolina, and Plaintiff has brought suit against Defendant, also a resident of North Carolina. *See* [DE-1-1] at 1; [DE-4] at 1; [DE-7] at 2-3. Furthermore, Plaintiff's complaint alleges purported causes of action arising only under North Carolina tort law. Plaintiff's claims raise neither a federal question nor does there appear to be diversity of citizenship between the parties. Consistent with its duty in interpreting Plaintiff's claims liberally, the court cannot discern any basis for federal subject matter jurisdiction over the purported claims contained in Plaintiff's complaint. Accordingly, this court recommends that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. Further, based on the absence of jurisdiction Plaintiff's motion to transfer is deemed moot.

## IV. CONCLUSION

Based upon the foregoing, having construed Plaintiff's Motion to Amend [DE-4] as an amendment to his complaint, it is RECOMMENDED that Plaintiff's complaint [DE-1-1] be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Accordingly, Plaintiff's Motion to Transfer [DE-7] is DENIED AS MOOT.

6

Further, Plaintiff's latest filings with the court indicate that Plaintiff's mailing address is in Elizabeth City, North Carolina and is not the address listed on the docket. Accordingly, the clerk is directed to mail a copy of this order and memorandum and recommendation to Plaintiff's address in Elizabeth City, North Carolina, which appears on his correspondence with the court.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

So ordered and submitted, the 16th day of January 2014.

Robert B. Jones, Jr.
United States Magistrate Judge