IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-623-BO

| | |
|---|---|
| RICHARD COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KAY SILVER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones [DE 8]. For the following reasons, the Court ADOPTS the M&R. The matter is DISMISSED.

## BACKGROUND

Plaintiff filed a motion to proceed *in forma pauperis* ("IFP motion") and initial proposed complaint on August 28, 2013. Plaintiff's complaint consists of state law tort claims of defamation and alienation of affections against defendant. On October 25, 2013, the Court allowed plaintiff's IFP motion, but directed plaintiff to file a particularized complaint within twenty-one days of entry of the Court's order. The Clerk docketed the Court's October 25, 2013 order, but held the complaint in abeyance pending plaintiff's particularization of his complaint. Rather than particularize his complaint however, plaintiff filed a motion to amend on November 19, 2013. [DE 4].

The Court entered an order on December 9, 2013, whereby the Court declined to rule on the frivolity of plaintiff's amended complaint and directed plaintiff, for a second time, to particularize. [DE 5]. The Court directed plaintiff to particularize his complaint as to two

identified deficiencies, including the specific dates of the alleged defamatory statements and the specific facts establishing diversity jurisdiction as the basis for the Court's subject matter jurisdiction.[1] Plaintiff's particularized complaint response was due December 31, 2013. Plaintiff filed a motion to transfer on January 2, 2014 [DE 7] which the Court denied as moot in its January 16, 2014 order. [DE 9]. On the same day, Magistrate Judge Robert B. Jones entered a M&R to this Court which recommends that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. [DE 8]. Plaintiff filed an objection to the M&R, which, although late,[2] will be considered by the Court. [DE 11].

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, the plaintiff has filed a brief objection memorandum which quarrels with the entire procedure of frivolity review and also argues that plaintiff resided in Washington, D.C. at the commencement of this action and therefore this Court's diversity jurisdiction is preserved.

No matter how much plaintiff may object to frivolity review, the process is directed by statute. 28 U.S.C. § 1915(e)(2)(B). However, the Court notes that the process is not triggered by plaintiff's *pro se* status, but rather by the filing of his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915 (titled "Proceedings in forma pauperis"). Frivolity review is not a result of *pro se* bias as plaintiff alleges, but "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing a meritless claim." *Adams v. Rice*, 40 F.3d 72, 84

---

[1] Plaintiff's *pro se* filing, captioned as a motion to amend, is more appropriately construed as an amendment to his proposed complaint as a matter of course because his complaint has not yet been filed. *See* FED. R. CIV. P. 15(a).
[2] Plaintiff's objections were due on February 2, 2014 and were not received by the Court until February 14, 2014.

2

Case 5:13-cv-00623-BO Document 12 Filed 03/19/14 Page 2 of 3

(4th Cir. 1994). Further, the Court afforded plaintiff two separate opportunities to particularize his complaint before recommending dismissal. [DE 3 and 5].

Examining the issue of diversity jurisdiction, the Court concludes that Magistrate Judge Jones is correct in that there is not diversity of citizenship here. Although plaintiff is correct in stating that "[t]he citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists," *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989), an action does not commence until the Clerk has filed the complaint. Here, the complaint has not been filed because plaintiff has not yet cleared the hurdle of frivolity review as is required of plaintiff proceeding *in forma pauperis*. Plaintiff freely admits that he is now a resident of North Carolina and that defendant is also believed to be a resident of North Carolina. Plaintiff's residence at the time he filed his IFP motion is of no consequence in determining whether diversity jurisdiction exists. Seeing no basis for federal subject matter jurisdiction over the claims in plaintiff's proposed complaint, the Court adopts the M&R and dismisses this case without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations, and DISMISSES this action without prejudice. The Clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,

this __19__ day of March, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE